IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, N.A., | § | |
| JPMORGAN CHASE & CO., and | § | |
| TAPD, LLC, | § | No. 277, 2023 |
| | § | |
| Defendants Below, | § | Court Below—Court of Chancery |
| Appellants, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. 2023-0040 |
| | § | |
| OLIVIER AMAR, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 9, 2023
Decided: August 16, 2023

Before **SEITZ**, Chief Justice; **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal and the exhibits, it appears to the Court that:

(1) This interlocutory appeal arises from an advancement action. Plaintiff below-appellee, Olivier Amar, is the former Chief Growth and Acquisition Officer of defendant below-appellant TAPD, LLC ("Frank"). In 2021, defendant below-appellant JP Morgan Chase & Co. acquired Frank through a wholly owned subsidiary, defendant below-appellant JPMorgan Chase Bank, N.A. ("JPMorgan Bank"). Amar continued to work for Frank after the merger closed. In the summer of 2022, JPMorgan Bank began to question the legitimacy of a customer list whose

accuracy Charlie Javice, the CEO of Frank, and Amar verified during the merger negotiations. JPMorgan Bank launched an investigation and later terminated Javice and Amar for cause. Javice and Amar demanded advancement and indemnification in connection with the investigation, which the defendants denied.

(2) On December 20, 2022, Javice filed an action for advancement in the Court of Chancery ("Javice Advancement Action"). Shortly thereafter, JPMorgan Bank filed a federal action against Javice, Amar and others for fraud and securities fraud. Javice and Amar also demanded advancement in connection with the federal action, which the defendants denied. On January 14, 2023, Amar filed an action for advancement in the Court of Chancery

(3) The parties agreed the action should be coordinated with the Javice Advancement Action and filed cross-motions for summary judgment to resolve whether Amar was entitled to advancement. Amar argued that he was entitled to advancement under multiple sources, including Frank's bylaws and the merger agreement. Relying on language in the merger agreement and a resignation letter he signed before closing, the defendants argued that Amar had waived his advancement rights.

(4) On May 8, 2023, the Court of Chancery issued a bench ruling granting Amar's motion and denying the defendants' motion.[1] The court rejected the

---

[1] The court also granted Javice's motion for summary judgment.

defendants' waiver argument, emphasizing that Amar was not a party to the merger agreement containing the waiver language on which the defendants relied. The court recognized that Amar was an intended thirty-party beneficiary to certain provisions of the merger agreement, but noted that parties to an agreement cannot unilaterally waive a third-party beneficiary's separate and independent rights. The court stated that this would be particularly problematic for Amar because it did not appear he had access to the merger agreement before executing his resignation letter. As to the language in Amar's resignation letter, the court concluded that language did not accomplish the waiver the defendants argued they intended. The court held Amar was entitled to advancement and directed the parties to confer on an order establishing the protocol for submission of invoices in accordance with *Danenberg. v. Fitracks*.[2] The court entered the parties' stipulated *Fitrack*s order on July 27, 2023.

(5) On August 4, 2023, the defendants filed an application for certification of an interlocutory appeal based on the same arguments they made for certification of an interlocutory appeal in the Javice Advancement Action. On August 7, 2023, the Court of Chancery denied the application for the reasons stated in its July 13,

---

[2] 58 A.3d 991, 1003-04 (Del. Ch. 2012) (establishing process for making and resolving advancement demands).

2023 order denying the defendants' application for certification in the Javice Advancement Action.

(6)     In denying certification in the Javice Advancement Action, the Court of Chancery first found that the resolution of the cross-motions for summary judgment determined a main question of law relating to the merits of the case and therefore decided a substantial issue.  The court next considered the Rule 42(b)(iii) criteria upon which the defendants relied.  As to Rule 42(b)(iii)(A) (question of law resolved for the first time), the court held its bench ruling applied existing waiver law and did not, as defendants argued, create a new legal standard for waiver.  The court found that Rule 42(b)(iii)(B) (conflicting trial court decisions on the question of law) did not support certification because none of the cases the defendants relied upon were in conflict with the bench ruling.  Turning to Rule 42(b)(iii)(C) (question of law relating to a statute that has not been, but should be, settled before appeal of final order), the court found that the defendants had not shown why resolution of the statutory interpretation arguments defendants raised should be resolved before the trial court issued a final order.

(7)     The court agreed with the defendants that Rule 42(B)(iii)(G) (resolution of the interlocutory ruling may terminate the litigation) weighed in favor of certification.  As to Rule 42(B)(iii)(H) (review of the interlocutory order may serve considerations of justice), the court held that the defendants rehashed arguments the

4

court already concluded did not weigh in favor of certification. Finally, the court rejected the defendants' argument that the benefits of interlocutory review outweighed the costs based on what the defendants contended was the high likelihood the advanced expenses would not be repaid in the event of a reversal on appeal. The court described this argument as inconsistent with Delaware policy on advancement and inefficient in view of the frequency with which advancement disputes arise in the Court of Chancery.

(8) Applications for interlocutory review are addressed to the sound discretion of the Court.[3] In the exercise of its discretion and giving due weight to Court of Chancery's analysis, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). We agree with the Court of Chancery that most of the Rule 42(b)(iii) criteria do not weigh in favor of interlocutory review and that the potential benefits of immediate review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

---

[3] Supr. Ct. R. 42(d)(v).

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice
